## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8191 | **DATE** | 11/25/2002 |
| **CASE TITLE** | FASTI USA, INC. vs. FASTI FARRAG & STIPSITS GmbH, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Alexander Lintner's motion to dismiss [9-1] is denied without prejudice. Plaintiff's emergency motion for a temporary restraining order [7-1] and injunctive relief [7-2] is denied. Defendants' motion for leave to file a sur-reply is denied. Plaintiff's motion for expedited discovery [4-1] is entered and continued to December 5, 2002. The discovery and trial schedule shall be set on the status hearing on December 5, 2002 at 9:00 a.m. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FASTI USA, an Illinois corporation, ) | |
| ) | |
| Plaintiff, ) | No. 02 C 8191 |
| ) | |
| v. ) | Suzanne B. Conlon, Judge |
| ) | |
| FASTI FARRAG & STIPSITS GmbH, an Austrian ) | |
| corporation, ALEXANDER LINTNER, an Austrian ) | |
| citizen, MANFRED PLETZER, an Austrian citizen, ) | |
| and ROBERT VOLL, a U.S. Resident, ) | **DOCKETED** |
| ) | |
| Defendant. ) | NOV 2 6 2002 |

## MEMORANDUM OPINION AND ORDER

In this diversity action, FASTI USA, Inc. ("FASTI USA") sues FASTI Farrag & Stipsits GmbH ("FASTI Austria"), Alexander Lintner ("Lintner"), Manfred Pletzer ("Manfred") and Robert Voll ("Voll")(collectively, "defendants") for a temporary and permanent injunction, damages and other relief. Specifically, FASTI USA sues FASTI Austria for violations of the Illinois Franchise Disclosure Act, 815 ILCS 705/1 *et seq.* ("IFDA") (Count I) and Uniform Commercial Code, 810 ILCS 5/2-309(3) ("UCC") (Count II) as well as common law tortious interference with prospective business relations (Count III). FASTI USA sues Lintner, Manfred and Voll (collectively, "the individual defendants") for common law tortious interference with prospective business relations (Count IV) and civil conspiracy (Count V). FASTI USA moves for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65. Without citing a procedural basis, Lintner moves to dismiss the complaint for lack of service and personal jurisdiction.

15

## BACKGROUND

The following facts are undisputed unless otherwise noted. In 1991, Rainer Farrag ("Farrag") and Bernhard Stipsits ("Stipsits") founded FASTI Austria, an Austrian corporation with its principal place of business in Hopfgarten, Austria. In 1994, Farrag and Stipsits sold 50% of the company to Apparate Bau Hopfgarten ("ABH"). ABH is owned by Anton Pletzer ("Anton"). In 1997, FASTI Austria established FASTI USA as an Illinois corporation with its principal place of business in Elgin, Illinois. Shortly thereafter, FASTI Austria sold FASTI USA's stock to Farrag. Since that time, FASTI USA has purchased equipment from FASTI Austria for resale to customers in North and South America through its own commissioned sales representatives. FASTI USA and FASTI Austria never entered into a written sales agreement. In 1999, FASTI Austria agreed to allow FASTI USA to use the registered trademark, FASTI®, in its business dealings.

In 2002, FASTI USA claims Lintner and Anton's son, Manfred, visited FASTI USA to persuade Farrag to sell shares of FASTI Austria to Lintner. Around this time, Lintner and Voll discussed ways to restructure the sales organization in the United States. Shortly thereafter, Farrag, Stipsits and ABH each sold 10% of their shares in FASTI Austria to Lintner. On October 1, 2002, Lintner became FASTI Austria's president. On October 22, 2002, Lintner authorized Voll to "take all necessary steps to establish a sales distribution network in the geographical area of North America." According to FASTI USA, FASTI Austria, through Lintner and Voll, thereafter represented to FASTI USA customers and sales representatives that it was relocating FASTI USA's Elgin office to South Carolina and taking over FASTI USA's North American operations. FASTI USA claims North American Lighting Co. of Salem, Illinois ("North American") refused to execute

2

an order and Bekum USA postponed three orders after receiving information that FASTI USA no longer represented FASTI Austria.

## DISCUSSION

### I. Lintner's Motion to Dismiss

Lintner moves to dismiss the complaint for lack of service and personal jurisdiction. According to the docket, FASTI USA has not yet served defendants. Although FASTI Austria waived any objection to service by filing an answer, the individual defendants have not. *See* Fed. R. Civ. P. 12(h)(defendant must preserve objection to service in first responsive pleading). However, FASTI Austria's failure to serve the individual defendants does not require dismissal at this stage of the litigation. *See* Fed. R. Civ. P. 4(m)(120 day time limit for service). Therefore, Lintner's motion to dismiss for lack of service is denied. Lintner's motion to dismiss for lack of personal jurisdiction, which is premised on proper service, is denied as premature.

### II. Motion for Temporary Restraining Order

#### A. Jurisdiction

The court lacks jurisdiction to enjoin the individual defendants' actions until they are served. *See Audio Enterprises, Inc. v. B&W Loudspeakers of America*, 957 F.2d 406 (7th Cir. 1992)(court lacks jurisdiction to enter injunctive relief where defendants not properly served). *See also Zenith Radio Corp v. Hazeltine Research, Inc.*, 295 U.S. 100, 111-112 (1969)(district court must have personal jurisdiction over a party before it can enjoin its actions). Therefore, FASTI USA's motion is denied as to the individual defendants.

3

**B. Standard**

Injunctive relief is "an extraordinary remedy that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997)(emphasis in original). The standard for a temporary restraining order and a preliminary injunction are identical. *Nav-Aids Ltd. v. Nav-Aids USA, Inc.,* 01 C 0051, 2001 WL 1298719, at * 4 n. 5 (N.D. Ill. Oct. 25, 2001). In order to obtain a temporary restraining order, FASTI USA must show: (1) a likelihood of success on the merits; (2) an inadequate remedy at law; and (3) irreparable harm if the order is not granted. *Ty, Inc. v. Jones Group, Inc.,* 237 F.3d 891, 895 (7th Cir. 2001). If these three conditions are met, the court must then balance the harm to the moving party if relief is not granted against the harm to the nonmoving party if relief is granted. *Id.* Finally, the court must consider the public interest in denying or granting the injunction. *Id.* The court weighs all of these facts, "sitting as would a chancellor in equity," in deciding whether to grant the injunction. *Id.*

**1. Likelihood of Success on the Merits**

To establish a likelihood of success on the merits, a plaintiff need only establish a "trivial chance of succeeding on the merits." *Green River Bottling Co. v. Green River Corp.,* 997 F.2d 359, 361 (7th Cir. 1993). FASTI USA fails to meet this threshold on its four claims.

**a. Illinois Franchise Disclosure Act**

The IFDA requires a franchisor to have good cause for terminating a franchise. 815 ILCS § 705/19(a). A franchise is defined as:

> a contract or agreement, either expressed or implied, whether oral or written, between two or more persons by which:

4

(a) a franchisee is granted the right to engage in the business of offering, selling, or distributing goods or services, under a marketing plan or system prescribed or suggested in substantial part by a franchisor; and

(b) the operation of the franchisee's business pursuant to such plan or system is substantially associated with the franchisor's trademark, service mark, trade name, logotype, advertising, or other commercial symbol designating the franchisor or its affiliate; and

(c) the person granted the right to engage in such business is required to pay, directly or indirectly, a franchise fee of $500 or more.

815 ILCS 705/3. The parties dispute whether FASTI USA sufficiently demonstrates the existence of a marketing plan or payment of a franchise fee. The court need not reach these issues because FASTI USA has not offered evidence that FASTI Austria terminated the parties' relationship. Indeed, FASTI USA has not shown that FASTI Austria refused any offer to buy equipment, parts or service. At this stage of the litigation, FASTI USA has not demonstrated a likelihood of success on the merits on its IFDA claim.

**b.    Uniform Commercial Code**

For the same reasons, FASTI USA fails to establish a likelihood of success on the merits of its UCC claim. A distribution agreement is governed by the UCC if its predominant purpose is the sale of goods. *Echo, Inc. v. Whitson Co., Inc.*, 121 F.3d 1099, 1102 (7th Cir. 1997). Under the UCC, a distribution agreement of indefinite duration is terminable at will. *Jespersen v. 3M*, 183 Ill. 2d 290, 295-96 n. 3, 700 N.E.2d 1014, 1017 n. 3 (1998), *citing* 810 ILCS 5/2-309(2). As FASTI USA points out, termination requires reasonable notice. 810 ILCS 5/2-309(3). Nevertheless, FASTI USA fails to offer evidence that FASTI Austria terminated their relationship. Absent evidence of termination, FASTI USA fails to demonstrate a likelihood of success on the merits on its UCC claim.

c.  **Civil Conspiracy**

FASTI USA's civil conspiracy claim is dependent on its tortious interference with business relations claim. Under Illinois law, a "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Bouloun v. Williams*, 00 C 7584, 2002 WL 31426647, at *15 (N.D. Ill. Oct. 25, 2002), *quoting Bilut v. Northwestern University*, 296 Ill. App. 3d 42, 49, 692 N.E.2d 1327, 1332 (1st Dist. 1998). Civil conspiracy is actionable "only if one of the parties to the agreement commits some act in furtherance of the agreement, which is itself a tort." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 63, 645 N.E. 2d 888, 894 (1994). FASTI USA alleges defendants conspired to tortiously interfere with its prospective business relationships. Therefore, FASTI USA's ability to establish a likelihood of success on the merits on its civil conspiracy claim hinges on its ability to establish a likelihood of success on its tortious interference with prospective business relations claim.

d.  **Tortious Interference with Prospective Business Relations**

In order to establish a claim for tortious interference with prospective business relations, FASTI USA must prove: (1) a reasonable expectation of entering into a valid business relationship; (2) defendants' knowledge of its expectancy; (3) purposeful interference by defendants preventing FASTI USA's legitimate interest from ripening into a valid business relationship; and (4) damages resulting from the interference. *Fellhauer v. City of Geneva*, 142 Ill.2d 495, 568 N.E.2d 870, 877-78 (1991). FASTI USA claims North American refused to execute a contract and Beckum USA postponed orders based on FASTI Austria's representation, through Lintner and Voll, that it was

6

replacing FASTI USA in North America.[1] However, FASTI USA fails to provide evidence that either customer took action based on FASTI Austria's alleged tortious conduct.

In support of its claim, FASTI USA offers the affidavits of Farrag and the president of a FASTI USA sales representative, Joseph Kempf. According to Farrag, "I spoke with North American's technical manager, Don Hall, and he confirmed that, when Roger Eaton, North American's purchasing agent, heard about Voll's statements, he halted the final approval process for the order." Farrag Aff. at ¶ 25. Not only does Farrag's affidavit constitute triple hearsay, it fails to confirm Voll directed his statements toward North American. *See Unique Envelope Corp. v. GS America, Inc.*, No. 00 C 7811, 2002 WL 598511, at *4 (N.D. Ill. April 18, 2002)(plaintiff must allege action directed toward party with whom the plaintiff expects to do business to state claim for tortious interference).

Kempf's affidavit is similarly flawed. According to Kempf, Bekum USA's sales manager relayed information received from Bekum USA's vice president of manufacturing operation that he "had been contacted by an old friend, who said that he was the new president or sales manager of FASTI USA and that he was closing operations in Elgin, Illinois and moving all services to South Carolina." Kempf Aff. at ¶ 4. The vice president of manufacturing operation's double hearsay statement does not explicitly identify Voll as the individual who contacted Bekum USA. At this stage of the proceedings, FASTI USA's evidence is insufficient to establish even a trivial likelihood of success on the merits on its tortious interference and civil conspiracy claims.

---

[1] Although FASTI USA alleges FASTI Austria interfered with its sales representatives and employees, FASTI USA has not offered evidence of damages resulting from the alleged interference.

2.  **Irreparable Harm and Inadequate Remedy at Law**

Even if the questionable evidence supporting FASTI USA's claims were sufficient to establish a likelihood of success on the merits, FASTI USA cannot establish irreparable harm or an inadequate remedy at law. Irreparable harm "denotes transgressions of a continuing nature such as constant breach of contract resulting in damage to the good will of a business." *Prentice Medical Corp. v. Todd*, 145 Ill. App. 3d 692, 701, 495 N.E.2d 1044, 1051 (1st Dist. 1986). FASTI USA has not shown FASTI Austria's alleged conduct is ongoing or has irreparably damaged its business. To date, FASTI USA has lost only one order as a result of FASTI Austria's alleged tortious activity. A damages recovery would adequately address the harm FASTI USA allegedly sustained as a result of FASTI Austria's actions. Absent irreparable harm and an inadequate remedy at law, FASTI USA is not entitled to a temporary restraining order.

3.  **Balance of Harms and Public Interest**

Finally, FASTI Austria will suffer more harm if an injunction is granted than FASTI USA will suffer if an injunction is denied. If FASTI USA's proposed temporary restraining order is entered, FASTI Austria will be prevented from competing with FASTI USA in North America. If FASTI USA's proposed temporary restraining order is denied, FASTI USA may lose business. However, the public interest benefits from increased competition. *See Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998)("courts have generally recognized that the public substantially benefits from competition"). Considering the totality of the circumstances, the equities weigh in favor of denying FASTI USA temporary injunctive relief.

## CONCLUSION

Based upon the current record, FASTI USA has not met its burden of establishing a clear entitlement to the extraordinary remedy of a temporary restraining order. FASTI USA has not presented convincing evidence of its likelihood of success on the merits. Nor has FASTI USA demonstrated irreparable harm or an inadequate remedy at law. Finally, the balance of harms and the public interest weigh in favor of denying FASTI USA injunctive relief. Therefore, FASTI USA's motion for a temporary restraining order is denied.

November 25, 2002

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

9