# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8191 | **DATE** | 3/25/2003 |
| **CASE TITLE** | FASTI USA, INC. vs. FASTI FARRAG & STIPSITS GMBH et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___ ___.
(3) ☐ Answer brief to motion due___ ___. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on ___ ___ at ___ ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ ___ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Counterdefendant FASTI USA, Inc. and third-party defendant Farrag's joint motion to dismiss for improper venue [28-] is granted. Counts II-VI of the amended counterclaim and Counts II-X of the third-party complaint are dismissed. The joint motion to dismiss for failure to state a claim [28-1] is denied as to Count I of the third-party complaint, and moot as to Counts II-VI of the amended counterclaim and Counts II-X of the third-party complaint. Third-party defendant Farrag shall answer Count I of the third-party complaint by April 9, 2003. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAR 26 2003 | |
| | Notified counsel by telephone. | date docketed | 34 |
| | Docketing to mail notices. | G-T- docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 3/25/2003 date mailed notice | |
| CB courtroom deputy's initials | | U.S. DISTRICT COURT 03 MAR 25 PM 4:56 Date/time received in central Clerk's Office | PW mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FASTI USA, an Illinois corporation, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8191 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| FASTI FARRAG & STIPSITS GmbH, | ) | |
| an Austrian corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In this diversity action, FASTI USA, Inc. ("FASTI USA") sues FASTI Farrag & Stipsits GmbH ("FASTI Austria"), Alexander Lintner, Manfred Pletzer, and Robert Voll for violations of the Illinois Franchise Disclosure Act, 815 ILCS 705/1 *et seq.* and Uniform Commercial Code, 810 ILCS 5/2-309(3), as well as common law tortious interference with prospective business relations. FASTI Austria counterclaimed against FASTI USA for breach of a sales contract (Count I), trademark infringement (Count II), unfair competition (Count III), conversion (Count IV), breach of a licensing agreement (Count V), and deceptive trade practices (Count V). FASTI Austria filed a third-party complaint against Rainer Farrag claiming *alter ego* liability for breach of a sales contract (Count I), trademark infringement (Count II), unfair competition (Count IV), conversion (Count VI), breach of a licensing agreement (Count VII), and deceptive trade practices (Count IX); and in the alternative, individual liability for trademark infringement (Count III), unfair competition (Count V), conversion (Count VII), and deceptive trade practices (Count X). FASTI USA and third-party defendant, Farrag, (collectively, "movants") move to

1

dismiss Counts II-VI of the amended counterclaim and Counts II-X of the third-party complaint for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Movants move to dismiss Counts II-VI of the amended counterclaim and Counts I-X of the third-party complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). FASTI USA is an Illinois corporation with its principal place of business in Elgin, Illinois. FASTI Austria is an Austrian corporation, doing business in the State of Illinois. Since 1995, FASTI Austria has sold plastic injection molding machines bearing the trademarks "FASTI" and the stylized logo "FASTI" to FASTI USA.

FASTI Austria holds a U.S. trademark for use of "FASTI" in connection with plastic injection molding machines and for use of a design logo. In 1997, Farrag took over FASTI USA through a complete stock purchase. After Farrag purchased FASTI USA, it became its own separate and distinct entity, and was no longer owned by FASTI Austria.

In 1999, FASTI Austria licensed its "FASTI" trademarks to FASTI USA on a non-exclusive at-will basis under a licensing agreement. Under the licensing agreement, FASTI Austria granted FASTI USA the right to use the name FASTI in business dealings and to have the name and logo imprinted on all business papers. Pursuant to the licensing agreement, FASTI USA secured for itself the domain name of www.fastiusa.com, which linked to FASTI Austria's website, www.fasti.com. In December 2002, FASTI Austria tried to redesign its website.

2

However, it was unable to access the website. FASTI Austria claims FASTI USA attempted to usurp the domain name of www.fasti.com and altered the FASTI trademark and logo. FASTI Austria also contends that it sold parts and machinery to FASTI USA at an agreed price and terms, but FASTI USA has failed to remit its outstanding balance.

## DISCUSSION

### I. Improper Venue

Movants move to dismiss Counts II-VI of the amended counterclaim and Counts II-X of the third-party complaint for improper venue based on a forum selection clause in the licensing agreement. A motion to dismiss for improper venue based on a forum selection clause is properly brought under Rule 12(b)(3). *Weidner Communications, Inc. v. H.R.H. Prince Bandar Al Faisal*, 859 F.2d 1302, 1306 (7th Cir. 1988); *Chapman v. Norwegian Cruise Line Ltd.*, 2001 WL 910102, *1 (N.D. Ill. 2001). A claimant bears the burden of establishing that the venue he has chosen is proper and that the forum-selection clause is unenforceable. *Chapman*, 2001 WL 910102, at *1.

The licensing agreement's forum selection clause states: "Both parties agree that this contract is subject to the trade and registration laws of Austria and any dispute arising from this agreement will be settled in the respective Austrian court." Am. Counterclaim, Ex. C. FASTI Austria argues, nonetheless, that the Northern District of Illinois is a proper venue. First, FASTI Austria argues that the choice of forum clause in the licensing agreement does not apply to Farrag because he is not party to the agreement. But this argument is inconsistent with FASTI Austria's claims that Farrag breached the same licensing agreement. Further, parties who are closely related to a dispute may be bound by a forum selection clause, even if they did not sign

3

the agreement. *American Patriot Ins. Agency, Inc. v. Mutual Risk Management, Ltd.*, 2003 WL 732613, *4 (N.D. Ill. 2003), citing *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993). FASTI Austria's claims against Farrag mirror its claims against FASTI USA: Farrag allegedly is the *alter ego* of FASTI USA or is individually responsible for FASTI USA. *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) (integrally related parties, though not signatories, may be bound by a forum selection clause in an agreement).

Second, FASTI Austria argues that venue in the Northern District of Illinois is proper because FASTI Austria's counterclaim against FASTI USA is a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a). FASTI Austria argues that the counterclaims arise from the same occurrences that gave rise to the original lawsuit. However, whether FASTI Austria's counterclaims are compulsory under Rule 13(a) does not bear on the enforceability of the forum selection clause. *Publicus Comm. v. True North Comm., Inc.*, 132 F.3d 363, 365-66 (7th Cir. 1997) (whether a counterclaim is compulsory does not support a district court's conclusion that a forum selection clause may be ignored). FASTI Austria agreed to litigate claims arising from the licensing agreement in Austria. Rule 13(a) does not override that agreement.

Third, FASTI Austria argues that the counts against movants are statutory or common law claims falling outside the purview of the licensing agreement (aside from Count V of the Amended Counterclaim, and Count VIII of the third-party complaint, which allege breach of the licensing agreement). Specifically, FASTI Austria alleges violations of the Lanham Act, common law conversion, and violations of the Illinois Uniform Deceptive Trade Practices Act. But these claims exist because of the licensing agreement. Indeed, FASTI Austria relies on the terms of the licensing agreement and the alleged breaches of those terms in every count. Further,

4

the forum selection clause applies to statutory and tort claims that arise out of the licensing agreement. *American Patriot*, 2003 WL 732613, at *4.

Fourth, FASTI Austria argues that the forum selection clause is unenforceable for reasons of public policy. FASTI Austria argues that an Austrian court would have to interpret federal and Illinois statutory law and Illinois common law claims. However, the licensing agreement requires exclusive application of Austrian law in Austrian courts. Am. Counterclaim, Ex. C, at ¶ 5 ("Both parties agree that this contract is subject to the trade and registration laws *of Austria*") (emphasis added). FASTI Austria fails to establish that the forum selection clause is unenforceable for public policy reasons. *Frediani & Delgreco*, 870 F. Supp. 217, 221-22 (N.D. Ill. 1994). The motion to dismiss for improper venue must be granted.

## II. Failure to State a Claim

Movants move to dismiss Counts II-VI of the amended counterclaim and Counts I-X of the third-party complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Because the motion to dismiss for improper venue is meritorious, the court need only consider whether Count I of the third-party complaint states a claim upon which relief can be granted.

A motion to dismiss tests the sufficiency of a claim, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion under Rule 12(b)(6) should not be granted "unless it appears beyond a doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

Count I of the third-party complaint alleges *alter ego* liability for breach of contract against Farrag. Specifically, Count I claims FASTI Austria provided parts and machinery to FASTI USA at an agreed price and agreed terms. FASTI USA allegedly accepted these goods, but failed to pay the agreed upon price. FASTI Austria claims Farrag is liable for the outstanding balance because he is the *alter ego* of FASTI USA. Movants argue that FASTI Austria fails to allege specific facts to establish *alter ego* liability. But movants misstate the federal pleading standard. All that is required are the bare minimum facts necessary to put Farrag on notice of the claim so that he can file an answer. *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002). Count I alleges that FASTI USA does not observe necessary corporate formalities, including adequate capitalization, payment of dividends, solvency, non-domination by the majority stockholder, proper officer and director functioning, maintaining proper corporate records, and not serving as a facade for the dominant stockholder. In addition, Count I alleges that Farrag used FASTI USA to remove funds for his personal use and does not intend to repay FASTI Austria for amounts due and owing. Further, FASTI Austria alleges Farrag used FASTI USA to perpetrate injustice against and unfair dealings with FASTI Austria. Viewing these allegations as true, FASTI Austria could establish facts that would entitle it to relief against Farrag, as the *alter ego* of FASTI USA. Consequently, movant's motion to dismiss Count I of the third-party complaint must be denied.

## CONCLUSION

FASTI Austria fails to establish that venue in the Northern District of Illinois is proper or that the forum-selection clause is unenforceable. The licensing agreement subjects all disputes arising from that agreement to the jurisdiction of Austrian courts. Counts II-VI of the

counterclaim and Counts II-X of the third-party complaint arise from the terms and alleged breaches of the licensing agreement. Accordingly, venue is improper in the Northern District of Illinois. The motion to dismiss for failure to state a claim is moot as to Counts II-VI of the amended counterclaim and Counts II-X of the third-party complaint, but denied as to Count I of the third-party complaint. FASTI Austria could establish facts consistent with its allegations to provide a basis for *alter ego* liability.

March 25, 2003

ENTER:

Suzanne B. Conlon
United States District Judge